IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

The Estate of HENRIETTA REYNOLDS,
Deceased, ROBERT LOWE, Individually and
on behalf of all Wrongful Death Beneficiaries
of HENRIETTA REYNOLDS, Deceased                                        PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:12CV103-B-S

AURORA AUSTRALIS, LLC, d/b/a
AURORA HEALTH & REHABILITATION,
and JOHN AND JANE DOES 1-30                                            DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant Aurora Australis, LLC, d/b/a Aurora Health & Rehabilitation's motion to compel arbitration. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Henrietta Reynolds was admitted to Aurora Health and Rehabilitation ("Aurora") in Lowndes County, Mississippi, on April 10, 2009. Ms. Reynolds was not physically present when her admission documentation was executed. Her son, Robert Lowe, signed all of the admission paperwork, including an arbitration agreement. Lowe was Ms. Reynolds' personal representative but not her health care surrogate. Ms. Reynolds signed the arbitration agreement approximately two months later on June 4, 2009. At that time, no doctor had determined that Ms. Reynolds was incapable of managing her affairs. Ms. Reynolds was not adjudged incompetent until April 19, 2010, when Robert Lowe and Ms. Reynolds' primary care physician, Adelaide Henderson, executed a document entitled "Appointment of Surrogate," which granted Lowe the authority to make all health care decisions on behalf of his mother.

After Ms. Reynolds' death, the plaintiff filed this wrongful death action against the defendant in the Circuit Court of Lowndes County, Mississippi, on January 11, 2012, alleging, inter alia, negligence and tortious breach of contract. The defendant removed the case to this court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 on May 10, 2012. The defendant filed the present motion to compel arbitration on the same day.

Analysis

The Mississippi Supreme Court "has recognized that arbitration is favored and firmly embedded in both our federal and state laws." *Vicksburg Partners, LP v. Stephens*, 911 So. 2d 507, 513 (Miss. 2005), *overruled on other grounds by Covenant Health & Rehab. of Picayune, LP v. Estate of Moulds ex rel. Braddock*, 14 So. 3d 695 (Miss. 2009). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002).

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In ruling on a motion to compel arbitration under the FAA, a court must make a two-pronged inquiry. *East Ford*, 826 So. 2d at 713. "The first prong has two considerations: (1) whether there is a valid arbitration agreement and (2) whether the parties' dispute is within the scope of the arbitration agreement." *Id.* Under the second prong, the question addressed is "whether legal constraints external to the parties' agreement foreclosed arbitration of those claims." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). "[A]pplicable contract defenses available under state contract

law such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending the Federal Arbitration Act." *Id.*

The plaintiff mistakenly asserts that the defendant carries the burden to prove that the arbitration agreement should be enforced. To the contrary, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp. - Alabama v. Randolph*, 531 U.S. 79, 93 (2000). The "strong federal policy favoring arbitration places upon the party opposing arbitration the burden of establishing any alleged defense to the enforcement of the arbitration provision." *Miss. Credit Center, Inc. v. Horton*, 926 So. 2d 167, 175 (Miss. 2006).

The plaintiff does not contest whether the parties' dispute is within the scope of the agreement. He instead focuses his argument on the validity of the agreement. His argument, however, consists of only vague and conclusory allegations, and he fails to direct the court to any evidence indicating that the agreement is invalid or contradicting the defendant's strong evidence of validity.

In support of its position, the defendant submits the declaration of its former Director of Admissions, Victoria Johnson, who stated that Ms. Reynolds signed the agreement in her presence. It is clear that Ms. Reynolds had the legal capacity to execute the document on June 4, 2009, as she was not adjudged incompetent until April 19, 2010, and the plaintiff has offered no evidence to the contrary. Further, the question raised by the plaintiff as to whether he had the authority to sign the arbitration agreement on Ms. Reynolds' behalf is irrelevant because Ms. Reynolds signed the agreement on her own behalf.

Finally, the plaintiff makes only conclusory arguments regarding the agreement's alleged unconscionability, asserting, for instance, that the defendant and its attorneys are more sophisticated than he and his mother but offering no proof in that regard. He offers no evidence of unconscionability, and his assertion that the agreement was presented in a "take it or leave it manner" is contradicted by Ms. Johnson's declaration and the bold, capitalized, enlarged text at the top of the document itself, which states: "IF THIS AGREEMENT IS NOT SIGNED, THE RESIDENT WILL STILL BE ALLOWED TO RECEIVE SERVICES AT THIS FACILITY." The plaintiff has failed to meet his burden to show that the arbitration agreement is unconscionable, and the court finds that the agreement should be enforced.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion to compel arbitration is well taken and should be granted. Because the valid arbitration agreement at issue provides for binding and non-appealable arbitration, the court finds that this case should be dismissed with prejudice. A separate order in accord with this opinion shall issue this day.

This, the 21st day of March, 2013.

    /s/ Neal Biggers  
**NEAL B. BIGGERS, JR.**  
**UNITED STATES DISTRICT JUDGE**